UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL A. MELLO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-335ML |
| | : | |
| DIANE WEBSTER and STEVE MELLO, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

On May 9, 2013, Plaintiff Michael A. Mello ("Mello" or "Plaintiff"), a resident of

Woonsocket, Rhode Island, filed a hand-written *pro se* Complaint entitled "Complaint: Request

for Temporary Restraining Order"[1] along with a motion for leave to proceed *in forma pauperis*.

The latter Motion has been referred to me for determination pursuant to 28 U.S.C. §

636(b)(1)(A).

Based on my review of his application to proceed without prepayment of fees, I conclude

that the referred Motion (ECF No. 2) should be GRANTED.  Because Plaintiff is proceeding *in*

*forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).

Based on my review of the Complaint itself, I find that this Court lacks subject matter

jurisdiction and make a *sua sponte* recommendation that the Complaint (ECF No. 1) should be

DISMISSED.  20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

---

[1] Mello's request for a temporary restraining order has been separated into its own motion (ECF No. 3).  That motion has not been referred to me and is not addressed by this Report and Recommendation.

I.      **The Claims**[2]

In his Complaint, Plaintiff requests a temporary restraining order against both his brother,

Steve Paul Mello (who resides in Riverside, Rhode Island, a fact that will become important),

and his sister, Diane Webster (collectively, "Defendants").  Plaintiff's mother passed away on

May 6, 2013; he asserts that Defendants have threatened to prevent him from being at his

mother's graveside service on May 18th at the Notre Dame Cemetery.  He claims that since his

mother's death, Defendants have been "badgering" him and his family about the service.  Mello

states that he wants "to stop his sister and brother from pushing [him] out of [his] mother's

funeral . . . ."  Additionally, Plaintiff states that Steve Mello has called Rhode Island Department

of Children, Youth and Families ("DCYF") twice regarding Plaintiff's two daughters "knowing

full well that he was busting my chops."  He asks to Court to "stop [his] brother from giving [his]

family a hard time."

In an apparently unrelated claim, Plaintiff notes that he has temporary guardianship of his

father who resides in a nursing home in East Providence, Rhode Island.  He requests that he be

given temporary control of his father's "physical body" because he is unable to engage in legal

matters since he has started to forget things; he also seeks to take over his father's estate until

further notice.

Plaintiff attached an exhibit to his Complaint, which asks the Court to issue process to

serve Defendants at the May 18th funeral and asserts that he hopes the outcome of this matter

will be that Diane Webster will cease badgering him and that Steve Mello will admit that he

called DCYF for no reason.

---

[2] Because Plaintiff is *pro se*, he is entitled to a liberal construction of the relevant pleading.  See Hughes v. Rowe,
449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S.
Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

II.     **Discussion**

        A.     <u>The Motion for Leave to Proceed *in Forma Pauperis*</u>

Upon review of Mello's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing fee for this action.  Accordingly, his Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2) should be GRANTED.

        B.     <u>Screening of the Complaint</u>

Because Mello is proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See <u>id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In addition to the statutory screening provisions, this Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004); <u>see also</u> <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").  For purposes of preliminary screening, the Court liberally construes Plaintiff's Complaint because he is proceeding *pro se.*  <u>See</u> note 2, <u>supra</u>. Nevertheless, even under a liberal construction, I recommend that the case should be dismissed for the reasons discussed below.

        C.     <u>Lack of Subject Matter Jurisdiction</u>

Mello's Complaint should be dismissed for failure to set forth a *bona fide* basis for this Court's subject matter jurisdiction either under 28 U.S.C. § 1331 (federal question) or under 28 U.S.C. § 1332 (diversity jurisdiction).

      1.     No Federal Question Presented

Federal district courts have original jurisdiction over "federal question" cases.  A federal question "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  A claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint.  Viqueira, 140 F.3d at 17.

Mello's cause of action rests on the allegations that Defendants are not allowing him to attend his mother's funeral and graveside service and are complaining to DCYF, as well as his desire to control his father's affairs.  Therefore, he has not set forth any factual or legal basis whatsoever for a federal claim within the four corners of the Complaint.

      2.     No Diversity Jurisdiction

In addition to federal question jurisdiction, district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.[3]  28 U.S.C. § 1332(a).  Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

---

[3] Plaintiff appears to believe that he has invoked this Court's jurisdiction based on diversity of citizenship, in that he checked that box on the Civil Cover Sheet.

Plaintiff's Complaint (ECF No. 1-2) alleges that he lives in Woonsocket, Rhode Island; therefore, the Court presumes that he is a citizen of Rhode Island.  The reader will note that I mentioned earlier the importance of the Complaint's recital that Defendant Steve Mello lives in Riverside, Rhode Island.  These allegations establish that both Plaintiff and Defendant Mello are citizens of Rhode Island, eliminating jurisdiction based on diversity of citizenship.  Moreover, Plaintiff does not request any monetary damages in his Complaint or otherwise indicate any amount in controversy; therefore, the case does not satisfy the $75,000 amount in controversy essential for diversity jurisdiction.

In light of the above, Mello has not demonstrated sufficiently that this Court has subject matter jurisdiction over his claims against Defendants.  Accordingly, the Complaint should be dismissed on this ground.

### 3.     Domestic Relations and Probate Exceptions

Even if the parties were diverse, the Court notes that the domestic relations and probate exceptions might apply to divest this Court of jurisdiction.  The domestic relations exception divests federal courts of power to issue divorce, alimony and child custody decrees.  Prudential concerns warrant against federal jurisdiction in cases involving the elements of the domestic relationship even when divorce, alimony, or child custody is not strictly at issue, particularly when a case presents difficult questions of state law bearing on policy problems of substantial public import.  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 13 n.5 (2004); see also Resendes v. Brown, No. CA 06-286 ML, 2007 WL 293955, at *3 (D.R.I. Jan. 25, 2007) (the aim of the domestic relations exception is to keep federal courts from meddling in a realm that is typically governed by state law and institutions).

Plaintiff is seeking injunctive relief to attend his mother's funeral; he includes allegations regarding complaints his brother made to DCYF. These invoke issues that are typically resolved in state courts or administrative agencies that adjudicate family matters. See, e.g., R.I. Gen. Laws § 8-10-3. At its core, these aspects of Plaintiff's Complaint present a domestic relations matter better suited for resolution in state court.

Plaintiff's claims also raise the specter of the probate exception to diversity jurisdiction, to the extent the Complaint might rely on his mother's wishes as stated in her will. See Marshall v. Marshall, 547 U.S. 293, 311 (2006) (federal courts should not exercise diversity jurisdiction to probate a will or administer an estate). In addition, Plaintiff says he wants to take control of his father's physical body and estate until further notice. To the extent Plaintiff is seeking the Court's assistance to impose a guardianship, probate a will or administer an estate, the probate exception to diversity jurisdiction precludes this Court from doing so. See, e.g., R.I. Gen. Laws § 33-15-3; see also Clapp ex rel. Moulton v. Indiana, No. 09-CV-118, 2010 WL 1049932, at *5 n.2 (N.D. Ind. Mar. 16, 2010) ("The probate exception precludes federal courts from adjudicating disputes regarding matters reserved to state trial courts, including the appointment and deployment of a guardian.").

## III.    CONCLUSION

Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) should be GRANTED. In light of the foregoing, the Court recommends that the action be DISMISSED *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(h)(3).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver

of the right to review by the district court and of the right to appeal the district court's decision.

See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 10, 2013